*Western Dis.
October, 1832.*

HALL
*vs.*
MULHOLLAND.

---

### HALL *vs.* MULHOLLAND.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF RAPIDES.

In a suit by an heir to recover of the executor a debt alleged to be due to him by his ancestor's estate, the executor may introduce evidence to show that the heir has lost all right of recovery by attempting to embezzle or clandestinely carry away property of the succession.

WESTERN DIS.
October, 1832.

HALL
vs.
MULHOLLAND.

So if an heir clandestinely carries property of his ancestor's succession out of the state, or attempts to do so, he becomes responsible for all the debts of the succession, and any rights which he previously had as a creditor are extinguished by confusion.

This is an action brought by the plaintiff, residing in the state of Kentucky, against the defendant, as testamentary executor of his deceased father, for the price of several horses which he alleges he placed in his father's hands to be sold in Louisiana. He alleges his father had sold five horses before his death, on which a balance remained due to him of seven hundred and fifty dollars; and that two others were sold at the probate sale of his father, for two hundred and twenty-one dollars, making in all nine hundred and seventy-one dollars, which he now demands of the executor of his father's succession.

There was a judgement by default made final in favor of the plaintiff for nine hundred and seventy-one dollars, with interest at five per centum per annum, from the opening of the succession of John Hall, deceased, the first November, 1829, until paid, with a privilege on the prices of the horses unpaid at the death of Hall, and the remainder to stand as a simple debt against the estate.

This judgement was annulled and set aside by the Supreme Court. See 3 *Lou. Rep.*

On the return of the cause, the defendant answered to the merits by a general denial, and that the plaintiff as heir had made himself liable purely and simply by various acts and declarations, and had no right to recover any thing until all the other debts of the succession, which he averred is insolvent, were paid, &c.

There was again judgement for the plaintiff for eight hundred and eighty-six dollars, with a privilege on the proceeds of the horses sold at the sale of the succession, and interest.

The plaintiff adduced evidence to show that the horses, the proceeds of which he claims, were delivered to his father and sold by the latter for the prices he states in his petition, and in the manner set forth.

The defendant offered evidence to show that the plaintiff attempted to take some of the negroes of his father's succession to Kentucky, but that they were retaken by the defendant; that plaintiff observed there was enough left to pay the just debts of the estate without these negroes. They also showed by the witness that Hall owed debts in Kentucky, and one debt of one thousand dollars, or one thousand two hundred dollars, was mentioned. This evidence was rejected by the court, and a bill of exceptions taken. The defendant appealed.

*Rigg*, for the plaintiff, remarked, that the only question in the case was the exception taken to the admission of the testimony offered by the defendant and rejected, to show certain acts and conversations of the plaintiff in regard to the estate of J. Hall, deceased, which are entirely irrelevant to the case.

*Boyce*, for the defendant, contended, that the plaintiff by his intermeddling with his father's estate, and his attempt to run off or embezzle a part of it, rendered himself liable to the creditors in a personal action, and lost all benefit or right to his share in it by producing the confusion of debtor and creditor. *Lou. Code*, 1006, 1047. 4 *Toullier*, 369.

PORTER, J., delivered the opinion of the court.

The plaintiff was heir of the testator, whose estate the defendant represents, and he sues the latter to establish a debt which the ancestor owed him. The claim is resisted on the ground that by his acts he has made himself unconditionally liable for all the debts of the succession, by which, according to the principles of our law in regard to confusion, the debt is extinguished.

By the 1022 article of the Louisiana Code, heirs who have embezzled or concealed effects belonging to the estate, lose the faculty of renouncing, and remain unconditionally heirs.

WESTERN DIS.
October, 1832.

HALL
vs.
MULHOLLAND.

In a suit by an heir to recover of the executor a debt alleged to be due to him by his ancestor's estate, the executor may introduce evidence to show that the heir has lost all right of recovery by attempting to embezzle or clandestinely carry away property of the succession.

So if an heir clandestinely carries property of his ancestor's succession out of the state, or attempts to do so, he becomes responsible for all the debts of the succession, and any rights which he previously had as a creditor, are extinguished by confusion.

Evidence was offered to show in the court below that the plaintiff clandestinely took and carried out of the limits of the state, several slaves which had been inventoried as the property of the estate, and that he was followed by the executor who retook them.

The court below rejected the testimony as irrelevant, and in our opinion erred in doing so. The act, if proved, brought the case within the provisions of the law already cited; and that law, by making the party guilty of it responsible for all the debts of the succession, extinguished any right which had previously existed in him as creditor. There can be no doubt that the heir by taking property clandestinely and carrying it out of the limits of the state, is guilty of an act of embezzlement. And it is not necessary the attempt at fraud should be successful, to subject him to the penalty of the law. The article already cited, says he shall lose all share in the property so embezzled, which necessarily supposes that it has been recovered and in the hands of those who represent the estate.

As the plaintiff may have rebutting testimony which he did not offer in consequence of the decision of the court below, the cause must be remanded.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Probate Court be annulled, and reversed; and it is further decreed, that the cause be remanded for a new trial, with directions to the judge not to reject evidence which may show the plaintiff carried slaves belonging to the succession, out of the limits of the state; and it is further ordered, that the appellee pay the costs of this appeal.